UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA BUNK,

       Plaintiff,

                                  Case No.: _____

vs.

GC SERVICES LIMITED PARTNERSHIP-
DELAWARE,

_____Defendant._____ /

## NOTICE OF REMOVAL

       Pursuant to 12 U.S.C. §1819(b)(2)(B) and 28 U.S.C. §1441, Defendant, GC SERVICES LIMITED PARTNERSHIP-DELAWARE, hereby removes the above-captioned lawsuit from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, in which it currently is pending, to the United States District Court for the Middle District of Florida. As grounds for the removal of this case, defendant states as follows:

       1.      That on or about March 8, 2009, plaintiff, PATRICIA BUNK, filed a Complaint against defendant in the Circuit Court in and for Hillsborough County, Florida. A copy of the Complaint is attached hereto and incorporated by reference as Exhibit "A".

       2.      Process was served on the defendant on or about June 15, 2009. A copy of the Service of Process Transmittal is attached hereto as Exhibit "B".

       3.      Copies of the above mentioned documents constitute true and correct copies of all process, pleadings and orders served upon defendant.

       4.      The Complaint purports to allege a federal cause of action against the defendant for purported violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

5.     This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the Complaint upon the defendant.  28 U.S.C. §1446(b).

6.     28 U.S.C. §1441(b) provides as follows:

> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

7.     United States District Court for the Middle District of Florida, has jurisdiction over the plaintiff's claim due to the fact that the allegations against defendant contained in this suit arise under the Constitution, laws or treaties of the United States.  28 U.S.C. §1331.

8.     Pursuant to 28 U.S.C. §1331, the Court has original jurisdiction over this matter as plaintiff's claim under 15 U.S.C. §1692 et seq. arises under the laws of the United States.  Additionally, this Court also has supplemental jurisdiction over all other related claims pursuant to 28 U.S.C. §1367(a).  Moreover, the plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the 15 U.S.C. §1692 et seq. claim.

Removal of this action to this Court is permissible under the provisions of 28 U.S.C. §1441 in that it is a civil action founded on a claim or right arising under the laws of the United States.  Furthermore, the state causes of action are so related to the claim under 15 U.S.C. §1692 et seq. that they form part of the same case or controversy under Article III of the United States Constitution.

9.     In the Complaint, plaintiff alleges that defendant was acting as a debt collector in attempting to collect a debt from plaintiff.

21345924v1  901344  46121

10.    Plaintiff claims defendant violated the Fair Debt Collection Practices Act, ("FDCPA") in its attempted collection of plaintiff's debt.   Plaintiff seeks recovery under the FDCPA of actual damages, statutory damages and costs and reasonable attorney fees.

11.    Defendant has promptly served notice of the filing of this removal to all parties of record in the State Court action, and to the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, pursuant to 28 U.S.C. § 1446(d).

12.    A copy of all process, pleadings and orders served by or upon defendant is attached to this Notice of Removal as required by 28 U.S.C. § 1446(a), and a complete copy of all pleadings and orders filed with the Hillsborough County Clerk will be filed with this court within seven (7) days of the filing of this Notice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on July 2-1 , 2009, to:  Brian P. Parker, Esquire, Law Offices of Brian P. Parker, P.C., 30700 Telegraph Road, Suite 1580, Bingham Farms, MI 48025.

Philip J. Crowley
Florida Bar No. 0191264
pcrowley@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 500
Tampa, Florida 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT HILLSBOROUGH COUNTY,
STATE OF FLORIDA

PATRICIA BUNK,

           **Plaintiff,**

-vs-                                  **Case No.**
                                          **HON.**

**GC SERVICES LIMITED PARTNERSHIP-DELAWARE,**

                  **Defendant.**

                                            /

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM

                                              /

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **PATRICIA BUNK,** ( hereinafter "Plaintiff") by and through counsel, brings

this action against the above listed Defendant, **GC SERVICES LIMITED PARTNERSHIP-**

**DELAWARE,** (Defendant) on the grounds and in the amounts set forth herein:

## I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

punitive damages, costs and attorney's fees.



EXHIBIT

"A"

## II. PARTIES

### 1.

The plaintiff is a natural person and consumer, a resident of Valrico, Hillsborough County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

### 2.

The defendant is a Foreign Limited Partnership with its registered agent located in the State of Michigan with the actions in this case taking place at Plaintiff's home location in Hillsborough County.

### 3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

### 4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt; and

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1 and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff is receiving numerous phone calls from Defendant representatives in regards to the collection of an alleged debt.

19.

"Ashley Qualls" repeatedly calls Plaintiff from 866-871-7717, extension 5437.

20.

Defendant is calling Plaintiff everyday, more than once a day, in an attempt to collect on this alleged debt.

21.

Defendant has threatened to garnish Plaintiff's wages, when there is not even a lawsuit filed against Plaintiff. **Please see attached Exhibit No. 1.**

22.

Defendant is repeatedly calling Plaintiff at work, even after she has repeatedly asked them to stop calling her there, and even after they already know Plaintiff's home phone number. **Please see attached Exhibit No. 1.**

23.

Plaintiff has received phone calls from Defendant after 9:00 p.m., in violation of the FDCPA.

24.

Defendant has been rude and abusive in conversations with Plaintiff by threatening to garnish her wages and using loud voices when speaking to her.

25.

Plaintiff has received several phone calls from Defendant without them stating that they are a debt collector attempting to collect a debt, as required by the FDCPA.

26.

Defendant has also called Plaintiff several times without stating their company name.

27.

Defendant told the secretaries at Plaintiff's work that they are going to garnish Plaintiff's wages in an attempt to collect on this alleged debt. **Please see attached Exhibit No. 1.**

28.

Defendant has called Plaintiff's neighbor and mother in an attempt to collect on this alleged debt, even after they already knew Plaintiff's location and phone number. **Please see attached Exhibit No. 1.**

29.

Plaintiff did not receive a letter from Defendant within the first five days of them contacting her, as required by the FDCPA.

30.

One time when Defendant called Plaintiff at her work and the principal of the school told Defendant that Plaintiff was busy teaching, Defendant demanded to speak to Plaintiff and requested that the principal page Plaintiff so that they could speak to her, interrupting Plaintiff's work day. **Please see attached Exhibit No. 1.**

31.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA and FCCPA. **Please see attached Exhibit No. 2.**

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

32.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. **Please see Paragraphs 21, 24, 25, 26, 27, 28, and 29.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 18, 20, 21, 22, 23, 24, 27, 28, and 30.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. **Please see Paragraphs 21, 24, and 27.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 18, 20, 21, 22, 23, 24, 27, 28, and 30.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 18, 20, 22, and 28.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using obscene or profane language the natural consequence of which is to abuse the hearer. **Please see Paragraphs 21, 24 and 27.**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the amount of the debt. **Please see Paragraph 29.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the name of the creditor to whom the debt is owed. **Please see Paragraph 29.**

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion

thereof, the debt will be assumed to be valid by the debt collector. **Please see Paragraph 29.**

41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. **Please see Paragraph 29.**

42.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(5) by failing to provide Plaintiff within five days of the initial communication with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. **Please see Paragraph 29.**

43.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(1) by communicating with any person other than the consumer for purposes other than acquiring location information about the consumer and not state that he is confirming or correcting location information concerning the consumer. **Please see Paragraphs 27 and 28.**

44.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(2) by communicating with any

person other than the consumer and stating that such consumer owes a debt. **Please see Paragraph 27.**

45.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(b) by communicating with any person other than the consumer in connection with the collection of any debt. Please see **Paragraphs 27 and 28.**

46.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer, including calling the consumer after 9:00 p.m. **Please see Paragraphs 22 and 23.**

47.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. **Please see Paragraphs 22, 27, and 30.**

48.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(4) by representing that nonpayment of any debt will result in the garnishment of any wages. **Please see Paragraphs 21, 24 and 27.**

49.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraphs 21, 24, and 27.**

50.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity. **Please see Paragraphs 25 and 26.**

51.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector. **Please see Paragraph 25.**

52.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

**CLAIM AGAINST DEFENDANT UNDER THE FCCPA**

53.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to collect on a debt. Please see Paragraphs 18, 20, 21, 22, 23, 24, 27, 28, and 30.

54.

Defendant has violated 559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor. **Please see Paragraphs 21, 24, and 27.**

55.

Defendant has violated 559.72 (9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. **Please see Paragraphs 21, 24 and 27.**

56.

Defendant has violated 559.72 (5) by disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false. **Please see Paragraph 27.**

57.

Defendant has violated 559.72 (10) by using a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not. **Please see Paragraphs 21, 24, and 27.**

58.

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt. **Please see Paragraphs 25 and 26.**

59.

Defendant has violated 559.72 (17) by communicating with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor. **Please see Paragraph 23.**

60.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

61.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FCCPA.

62.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1.      For compensatory damages;

2.      For statutory and emotional damages under the FDCPA;

3.      For punitive damages;

4.      For $1,000 and actual damages under 559.72;

5.      For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;

6.      For Damages under the FCCPA; and

7.      For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 8th day of March, 2009.

Respectfully submitted,

BRIAN P. PARKER (0980668)
Attorney for Plaintiff

*EX #1*

## AFFIDAVIT OF PATRICIA BUNK

STATE OF FLORIDA                    )

COUNTY OF HILLSBOROUGH )

   **PATRICIA BUNK,** being first duly sworn, deposes and says that she is of suitable age and discretion to testify in a Court of law and that she makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1.    GC SERVICES LIMITED PARTNERSHIP-DELAWARE is calling and harassing me over the collection of an alleged debt.

2.    Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE are calling everyday more than once a day.

3.    Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE has threatened to garnish my wages.  They said this to the secretaries.

4.    Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE have called me at home several times, even after I repeatedly asked them to stop calling.

5.    Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE have called me after 9:00 p.m.

6.    Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE have called me at work several times, even after I repeatedly asked them to stop calling.

7.    Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE have been rude by using loud voices.

8.   Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE have called me several times without stating in every conversation that they are a debt collector attempting to collect a debt.

9.   Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE have called me several times without stating their company name.

10.  Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE told the secretaries at my office that they were threatening to garnish my wages.

11.  Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE told the principal of my school that she needs to page me.

12.  Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE called my neighbor and my mother after they already knew my number.

13.  I have not received anything in writing from GC SERVICES LIMITED PARTNERSHIP-DELAWARE in regards to the collection of the alleged debt.  I asked them to send me something in writing, but they have not sent me anything, *until a few days ago.*

Further, Deponent saith not.

_____
Patricia Bunk

Subscribed and sworn to before me

this __4__ day of March, 2009.

Notary Public
L. Bruggeman

L. BRUGGEMAN
Notary Public - State of Florida
My Commission Expires Sep 13, 2011
Commission # DD 714314
Bonded Through National Notary Assn.

### Debt Collection Damages

"Damages" are an element of your case that must be established This sheet is meant to assist us in assessing what is known as "actual damages." Please be honest in your answers. If you are being abused by debt collectors, the law presumes you have been damaged in some way and you will recover for those damages. However, these answers will affect additional damages. .

*Do you feel you suffer from any of the following due to, or made worse by, the actions of abusive debt collection activities?*

| | |
|---|---|
| Sleeplessness | (Yes) No |
| Fear of answering the telephone | (Yes) No |
| Nervousness | (Yes) No |
| Fear of answering the door | (Yes) No |
| Embarrassment when talking to or seeing friends or family | (Yes) No |
| Depression (sad, anxious, or "empty" moods) | (Yes) No |
| Chest Pain | (Yes) No |
| Feelings of hopelessness, pessimism | (Yes) No |
| Feelings of guilt, worthlessness, helplessness | (Yes) No |
| Appetite and/or weight loss or overeating and weight gain | (Yes) No |
| Thoughts of death or suicide; suicide attempts   Not yet | Yes (No) |
| Restlessness, irritability | (Yes) No |
| Other physical symptoms headaches, digestive disorders, and chronic pain. | (Yes) No |
| Negative impact on my job | (Yes) No |
| Negative impact on my relationship | (Yes) No |

Other physical or emotional symptoms that you feel are associated with abusive debt collections:

GC Services have called my workplace over and over stating they will garnish my pay. The Demand from my Principal to talk to me while I am teaching, The Demand or insult that she page me over the intercom. They have called so many times that I am exhausted from harassment. GC services have ruined my public reputation as I hold a position that many have respected

I swear, under the penalty of perjury, that the above is true:    and now disrespect due to GC Services Conduct toward me. I fear I will no longer rec. a positive evaluation at work.

PATRICIA BLAK
Print Name Above


Sign Name Above

L. BRUGGEMAN
Notary Public - State of Florida
My Commission Expires Sep 13, 2011
Commission # DD 714314
Bonded Through National Notary Assn.

Subscribed and sworn to before me this  4  day of March 2009.

L. Bruggeman
Notary Public

McIntosh\FORMS\DAMAGES.FORM.jrmml.wpd

 CT Corporation

**Service of Process
Transmittal**
06/15/2009
CT Log Number 515001021

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**TO:**     JOSEPH VANNEST
G C Services Corp.
6330 Gulfton St
Houston, TX 77081

**RE:**     **Process Served in Michigan**

**FOR:**    GC Services Limited Partnership - Delaware (Assumed Name) (Domestic State: DE)
GC Services Limited Partnership (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Patricia Bunk, Pltf. vs. GC Services Limited Partnership-Delaware, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand, Exhibit(s) |
| **COURT/AGENCY:** | 13th Circuit Court, Hillsborough County, FL Case # 09CA7365 |
| **NATURE OF ACTION:** | Violations of the Fair Debt Collection Practices Act - Dft. used false representations and deceptive means in pursuing Pltf. for a debt, falsely represented the character, amount or legal status of a debt and used obscene or profane language the natural consequence of which is to abuse the hearer |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Bingham Farms, MI |
| **DATE AND HOUR OF SERVICE:** | By Hand Delivered on 06/15/2009 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after services, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brian P. Parker Law Offices of Brian P. Parker, P.C. 30700 Telegraph Rd., Suite 1580 Bingham Farms, MI 48025 248-642-6268 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/15/2009, Expected Purge Date: 06/20/2009 Image SOP Email Notification, Veronica Sanchez VERONICA.SANCHEZ@GCSERV.COM Email Notification, JOSEPH VANNEST JOE.VANNEST@GCSERV.COM |
| **SIGNED:** **PER:** **ADDRESS:** | The Corporation Company Stephanie Hendrickson 30600 Telegraph Road Suite 2345 Bingham Farms, MI 48025-5720 |
| **TELEPHONE:** | 248-646-9033 |

Page 1 of  1 / KO

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT

"B"